**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**KEVIN CACCAVARI,**

        **Plaintiff,**

**-vs-**                                 **Case No. 6:11-cv-1669-Orl-28DAB**

**CYNTHIA TAYLOR, Department of
Children and Families, BRITTNEY PIKE,
Department of Children and Families,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTIN TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** **October 18, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff seeks to proceed in this action *in forma pauperis*. Upon an affidavit of indigency, any court of the United States may authorize a party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). *In forma pauperis* proceedings are governed by Title 28, United States Code, Section 1915. The statute provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by

a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). When considering a motion to proceed *in forma pauperis* pursuant to this statute, the first determination for the court " 'is whether the statements in the affidavit satisfy the requirement of poverty.' " *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (11th Cir. 1976)).

If the affidavit is "sufficient on its face to demonstrate economic eligibility," the court should first docket the case and then determine, pursuant to 28 U.S.C. § 1915(e)(2), whether the asserted claim is frivolous or fails to state a claim. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). Section 1915(e)(2) provides that a court shall dismiss the case of a plaintiff proceeding in forma pauperis at any stage if the allegation of poverty is untrue, if the court is satisfied that the action is frivolous or malicious, if the complaint fails to state a claim on which relief may be granted, or if the plaintiff seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is frivolous if it is without arguable merit either in law or fact. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). The standard of review for dismissals pursuant to 28 U.S.C. § 1915(e)(2) tracks the language for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To survive dismissal for failure to state a claim under this standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. Though pro se pleadings are held to a less strict standard than those drafted by lawyers and are construed liberally, *Alba v.*

*Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), the Court does not have "license to serve as de facto counsel for a party" or to "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (2010).

Plaintiff, who is incarcerated, filed his Complaint seeking relief for DCF "stalling and violating [his] son's right to due process." Doc. 1. Plaintiff has a son (the "Child") with Alesia Marie Doyle ("Doyle"), and the child resides with Doyle in that Plaintiff is incarcerated. Plaintiff alleges:

> The Department of Children and Families has been monitoring my [the Child's] well being. His mother is addicted to opiates and crack cocaine. I called DCF at the end of 2010 and the beginning of 2011. Brittney Pike has been on the case and has shown no signs of competency. My son was living with his mother [on French Avenue in Orange City]. The house is unsuitable for animals let alone my son. [Doyle's mother,] my son's grandmother, lives in that house and suffers from multiple mental health disorders which she receives medication for, though she's been known to sell it. Brittney Pike, said my son wasn't supposed to be in that house. The house has an abundance of cats and other stray animals. [Doyle] and her mother and sisters are IV drug users and there are contaminated syringes laying everywhere throughout the house. After I told [sic] not to bring my son into that house, [Doyle] still did so. I advised Brittney Pikes of [Doyle's] drug use and how every time she gave her a urinalysis, because it was unsupervised, she would use a clean urine specimen she obtained from somebody else. [DCF] employee Brittney Pike told [Doyle] and my mother that if [Doyle] didn't file an injunction against me that she would put my son in a foster home. My son was living with his mother at Kim Barker's house. . . . That is a known drug house in the neighborhood. I've got a witness that one time while [Doyle] was nodded off on pills that my son was sucking on a Xanax bar. My mother and I have repeatedly told Ms. Pike the situation and that my mother and my grandparents would love to have custody of my son. [Doyle] has been arrested several times for possession of narcotics, possession of cocaine, and even retail theft. Cynthia Taylor overseas my son's case at this time and is aware of the situation. I talked to my mother today, 10/1/11, on the telephone and she told me my son was at [the French Avenue house]. My mother told me that Cynthia Taylor is also aware that my son has suffered from diaper rash because [Doyle] isn't changing his diapers. The situation has been going on for a year and DCF has neglected to rectify the situation accordingly. My sons's life is at stake and he's still in the custody of a drug addict. [DCF] is turning a blind eye. [Doyle] should have criminal charges against her for abusing and neglecting my son and DCF is stalling and violating my son's right to due

> process. I also reported what was going on on numerous occasions and they failed to take appropriate action in a timely manner endangering my son's life.

Doc. 1. Relief sought by Plaintiff is for his mother to be given custodial rights of the Child and disciplinary action be taken upon the DCF employee-Defendants for their alleged inaction. Doc. 1.

Under Supreme Court precedent directly on point, a parent may not assert a constitutional claim against state social workers for their failure to remove a child based on complaints of possible abuse by the other parent. *See DeShaney v. Winnebago County Dept of Social Services*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). In *DeShaney*, the mother of a child who had been severely beaten by his father brought a civil rights action against social workers and local officials who had received complaints that the child was being abused by his father but the social workers had not removed him from his father's custody. The boy's mother sued under § 1983 on his behalf, arguing that the state had acquired a duty to protect her son because it knew of the danger of abuse to him and had undertaken efforts to provide for his protection. The Supreme Court affirmed dismissal of the mother's claim, holding that the state had no constitutional duty to protect the child from his father after receiving reports of possible abuse because "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." 489 U.S. at 197, 109 S.Ct. at 1004 ("we conclude that a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause")[1].

---

[1] The Supreme Court did not rule out the possibility of the parent asserting a state tort law claim for the State's alleged failure to fulfill a duty it had voluntarily undertaken to provide adequate protection against a danger to the child. *See DeShaney*, 489 U.S. at 202, 109 S.Ct. at 1007.

In this case, Plaintiff seeks relief for DCF's "stalling" and allegedly violating the Child's right to due process. Because the Court determines that Plaintiff's complaint fails to state a claim on which relief may be granted pursuant to the precedent of *DeShaney*, it is respectfully **RECOMMENDED** that his motion to proceed *in forma pauperis* be **DENIED** and his complaint in this Court be dismissed. Plaintiff's remedies, if any, must sought from the state agencies and courts with appropriate jurisdiction.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 20, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy